UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TIMOLYN A. SMITH-EALY                    CIVIL ACTION NO. 09-cv-1737

VERSUS                                   JUDGE HICKS

BERT LOE, ET AL                          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Timolyn Smith-Ealy ("Plaintiff"), represented by counsel, was the Plaintiff in Smith-Ealy v. Standard Enterprises, Inc., 07-cv-1232, an employment discrimination case. Standard Enterprises was represented in that prior litigation by attorneys Michael DuBos and Lamar Walters, III, both of Monroe, Louisiana. They filed a motion for summary judgment on behalf of Standard Enterprises. The motion was supported by a number of documents and affidavits, including an affidavit from Bert Loe, the chief financial officer of Standard Enterprises. The motion was fully briefed. Judge Stagg issued a 13-page decision that granted the motion, and he entered a final judgment dismissing all of Plaintiff's claims.

Plaintiff, acting pro se, then filed a document titled Motion to Stay to File and Reply Brief in Support of Opposition Motion Judgment, which the court treated as a motion for reconsideration. Plaintiff's attorney promptly withdrew from the case. Judge Stagg later denied the motion for reconsideration. Plaintiff did not file a timely appeal.

Plaintiff, proceeding pro se, has now filed this civil action against attorneys Michael DuBos and Lamar "Walker" (Walters) and Mr. Bert Loe. She alleges that Mr. Loe made

false statements in his affidavit in the prior case, that attorney DuBos notarized the affidavit while knowing that the statement was false, and that attorneys DuBos and Walters made submissions to the court based on the false information.  Plaintiff, citing provisions of Title 18 of the United States Code that make it a criminal offense to commit perjury or suborn perjury, attempts to assert civil claims against the attorneys and Mr. Loe based on their alleged perjury and subornation in the prior case.  Plaintiff prays for compensatory damages, reinstatement to her prior job, lost wages and benefits, and other relief.

Plaintiff is proceeding in forma pauperis ("IFP").  The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous.  The court also has a duty to examine the basis for subject-matter jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).  If subject-matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.  Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists.  Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).  The only potential grounds on which a federal court

---

[1] Even if the plaintiff is not proceeding IFP, a district court may dismiss an action on its own motion as long as the procedure employed is fair.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case.  See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's complaint does not make clear which of those, if either, she relies upon.  The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship.  A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).  Plaintiff alleges that she is a domiciliary of Caddo Parish, Louisiana.  Attorneys DuBos and Walters are Louisiana attorneys with a law firm in Monroe, Louisiana, and there is no suggestion in the complaint that they are actually citizens of another state.  Accordingly, Plaintiff has not demonstrated that there is diversity of citizenship that would permit a federal court to exercise jurisdiction under Section 1332.

The only other potentially available basis for the exercise of subject-matter jurisdiction is 28 U.S.C. § 1331, which requires that the plaintiff's claim arise under federal law.  Plaintiff purports to base claims on alleged violations of 18 U.S.C. § 1622 and § 1623.  Those statutes define crimes that the United States Attorney may choose to prosecute a person for in a criminal proceeding, but "federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." Doyon v. U.S., 2008 WL 2626837, *4 (W.D. Tex. 2008); Williams v. Cintas Corp., 207 WL 1295802, *2 (N.D. Tex.

2007) (same); and <u>Ivey v. National Treasury Employees Union</u>, 2007 WL 915229 *5 (D.D.C.

2007) ("There is no private right of action to enforce provisions of criminal law, and only a

federal prosecutor may determine whether to pursue a criminal action."). It is also worth

noting the general rule that "no civil action lies for damages resulting from false statements

under oath constituting perjury or subornation of false testimony." 60A Am. Jur. 2d § 104.

"Thus, no action for damages lies for false testimony in a civil suit whereby the litigant fails

to recover a judgment, or a judgment is rendered against him." <u>Id</u>. <u>See</u> <u>also</u> <u>Testimony of</u>

<u>Witness as Basis of Civil Action for Damages</u>, 54 A.L.R 2d 1298 § 7 ("It has been held that

no civil redress lies against witnesses in previous litigation by reason of their perjury,

conspiracy to commit perjury, or subornation of perjury.")

    Generally, if it appears from the face of the complaint that a federal claim is without

merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds.

But, if the mentioned federal claim clearly appears to be immaterial or frivolous and made

solely for the purpose of obtaining jurisdiction, or if it is wholly insubstantial and frivolous,

the court may properly dismiss the complaint for lack of subject-matter jurisdiction. <u>Bell v.</u>

<u>Hood</u>, 66 S.Ct. 773 (1946); <u>Williamson v. Tucker</u>, 645 F.2d 404, 415 (5th Cir. 1981).

    The exception is applicable in this case. There is absolutely no basis for Plaintiff to

assert a federal civil claim based on the federal perjury statutes to essentially relitigate a

failed, prior civil action against the defense attorneys and a witness in that case. The court

determined above that there is no basis for the exercise of diversity jurisdiction. There is also

no basis for this court to exercise federal question or any other form of subject-matter jurisdiction over Plaintiff's complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of October, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE